**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL NO. 1:06CV4**
**(1:02CR45-10)**

| | | |
|---|---|---|
| **MICHAEL HOWARD NELSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **Vs.** | ) | <u>**ORDER OF DISMISSAL**</u> |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Petitioner's motion

pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.

No response is necessary from the Government.

A prisoner in federal custody may attack his conviction and sentence

on the grounds that it is in violation of the Constitution or United States law,

was imposed without jurisdiction, exceeds the maximum penalty, or is

otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

> [i]f it plainly appears from the face of the motion and any
> annexed exhibits and the prior proceedings in the case that the
> movant is not entitled to relief in the district court, the judge
> shall make an order for its summary dismissal and cause the
> movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**  The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

On October 28, 2002, the Petitioner attended a Rule 11 hearing wherein he entered a guilty plea to possession with intent to distribute methamphetamine as charged in Count One of the indictment pursuant to a plea agreement with the Government.  ***See* Rule 11 Inquiry and Order of Acceptance of Plea, filed October 28, 2002; Plea Agreement, filed October 17, 2002.**  The Petitioner was sentenced by the undersigned on July 1, 2003, to a term of imprisonment of 144 months.  **Judgment in a Criminal Case, filed July 11, 2003.**   No appeal was filed by the Petitioner; therefore, his conviction and sentence became final on July 21, 2003.

Title 28 U.S.C. § 2255 provides in pertinent part:

A 1-year period of limitation shall apply to a motion under this
section.  The limitation period shall run from the latest of-
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion
    created by governmental action in violation of the Constitution
    or laws of the United States is removed, if the movant was
    prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized
    by the Supreme Court, if that right has been newly recognized

by the Supreme Court and made retroactively applicable to
cases on collateral review; or
(4) the date on which the facts supporting the claim or claims
presented could have been discovered through the exercise of
due diligence.

**28 U.S.C. § 2255.**  Clearly, Petitioner's motion is untimely.

In this motion, the Petitioner attempts to circumvent the one-year limitation period by arguing that such period should be reset to the date of the recent Supreme Court decision in *Booker v. United States*, 543 U.S. 220 (2005).  ***See*, Petition at 13.**  He argues that it was during this time period that he was made aware of the Government's alleged breach of the plea agreement which supports his claim regarding the unconstitutionality of his enhanced sentence.  However, as explained below, Petitioner's arguments are without merit.

Every circuit court which has addressed the issue of whether or not the ruling in *Booker* is retroactive to cases on collateral review has determined that it is not.  ***See, United States v. Morris*, 429 F.3d 65 (4th Cir. 2005); *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005); *United States v. Bellamy*, 411 F.3d 1182 (10th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608 (3d Cir.), *cert. denied*, 126 S. Ct. 288 (2005); *Guzman v. United States*, 404 F.3d 139 (2d Cir. 2005); *McReynolds v.**

**United States**, 397 F.3d 479, 481 (7th Cir. 2005) ("We conclude, then,

that *Booker* does not apply retroactively to criminal cases that

became final before its release on January 12, 2005."); *In re*

**Anderson**, 396 F.3d 1336, 1339 (11th Cir. 2005).  Even the Supreme

Court's earlier rulings in *Blakely v. Washington State*, 542 U.S. 296 (2004),

and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), do not apply

retroactively to convictions that were final at the time they were decided.

**United States v. Price**, 400 F.3d 844, 845 (10th Cir.), *cert. denied*, 126 S.

**Ct. 731 (2005);** *Varela v. United States*, 400 F.3d 864 (11th Cir.), *cert.*

*denied*, 126 S. Ct. 312 (2005); *Cooper-Smith v. Palmateer*, 397 F.3d

**1236 (9th Cir.),** *cert. denied*, 126 S. Ct. 442 (2005); *Green v. United*

**States**, 397 F.3d 101, 103 (2d Cir. 2005); *United States v. Marshall*, 117

**Fed. Appx. 269, 270 (4th Cir. 2004).**  Therefore, the one-year limitations

period cannot be reset to coincide with the issuance of the *Booker*

decision.

      **IT IS, THEREFORE, ORDERED** that the Petitioner's motion pursuant

to 28 U.S.C. § 2255 is hereby **DISMISSED**.

**Signed: January 17, 2006**

Lacy H. Thornburg
United States District Judge